UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE:<br><br>Maida Muharemovic,<br><br>Debtor | Chapter 7<br><br>Bankruptcy No. 26-00337 |

# OPINION AND ORDER RE: REAFFIRMATION AGREEMENT

This matter came before the Court for hearing on Debtor's Reaffirmation Agreement with Capital One Auto Finance, a division of Capital One, N.A (Doc. 9). Debtor Maida Muharemovic appeared without counsel. The Court took the matter under advisement. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

## I. BACKGROUND/STATEMENT OF THE CASE

Debtor filed for bankruptcy on April 8, 2026. Debtor seeks to reaffirm the debt secured by a 2026 Dodge Durango. The amount of the debt is $48,016.72. The debt would be repaid at a fixed annual percentage rate of 8.790% with monthly payments of $766.33 for 84 months. The Reaffirmation Agreement lists the current market value of the vehicle as $45,226.40. Debtor was not represented by an attorney in negotiating the agreement and the presumption of undue hardship arises under 11 U.S.C. § 524(m).

At the hearing, Debtor explained that her income was sufficient to make the monthly payments in addition to her other obligations. Debtor also explained in the reaffirmation agreement that making the payment on her vehicle was top priority and that she would adjust elsewhere in her budget in order to do so.

## II. DISCUSSION

One of the fundamental goals of the Bankruptcy Code is to provide the "honest but unfortunate debtor" with a fresh start, "unhampered by the pressure and discouragement of preexisting debt." Local Loan Co. v. Hunt, 292 U.S. 234, 244 (1934). The code effectuates this fresh start by granting the debtor a discharge of certain debts. In a chapter 7 case, such as this one, section 727 mandates that "[t]he court shall grant the debtor a discharge" unless certain grounds exist that render the debtor ineligible. 11 U.S.C. § 727(a).

When discharge is entered in favor of the debtor, it "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover, or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived." Id. § 524(a)(2). However, a debtor may voluntarily agree to repay, or "reaffirm," a debt that would otherwise be dischargeable. Under section 524(c), a debtor may reaffirm an otherwise-dischargeable debt only if (1) the agreement is made prior to the granting of the discharge; (2) the debtor receives certain disclosures related to the legal

ramifications of reaffirmations at or before the time the debtor signs the agreement; and (3) the agreement is filed with the court and is accompanied by a declaration of debtor's attorney, which states that (a) debtor was fully informed and voluntarily entered into the agreement; (b) the agreement does not impose an undue hardship on the debtor; and (c) the attorney fully advised the debtor of the legal effect and consequences of the agreement and any default thereunder. Id. § 524(c). "If the debtor is not represented by an attorney during the course of negotiating the agreement, the court must hold a hearing to inform the debtor that the reaffirmation agreement is not required and describe the legal consequences of reaffirming debt." In re Bartz, 2011 Bankr. LEXIS 500 at *6 (Bankr. N.D. Iowa Feb. 17, 2011). The court must also hold a hearing if payments under the reaffirmation agreement exceed the debtor's net monthly income. In such a case, "it shall be presumed that such agreement is an undue hardship on the debtor." 11 U.S.C. § 524(m)(1). The debtor has the opportunity to rebut this presumption by submitting a written statement identifying additional sources of funds to make payments under the agreement. Id. "If the presumption is not rebutted to the satisfaction of the court, the court may disapprove such agreement." Id.

In this case, Debtor seeks to reaffirm the debt secured by a 2026 Dodge Durango in the amount of $48,016.72. This Court has considered similar agreements to reaffirm significant debt secured by high-cost vehicles. See, e.g. In re Bartz, 2011

Bankr. LEXIS 500; In re Duffy, 2011 Bankr. LEXIS 3372 (Bankr. N.D. Iowa 2011); In re Tarnowski, 2009 Bankr. LEXIS 231 (Bankr. N.D. Iowa Feb. 11, 2009). In such a case, the Court must weigh the debtor's ability to make the monthly payments against the need for the vehicle securing the debt. In re Nielsen, 2016 Bankr. LEXIS 456 at 4 (Bankr. N.D. Iowa Feb. 12, 2016). "[T]he need for a vehicle alone is insufficient to show the need for a high-cost vehicle." Id. at 5 (citing Tarnowski, 2009 Bankr. LEXIS 231 at *3).

Here, Debtor's monthly expenses exceed her monthly income by $350.56. Because of this, Debtor must rebut the presumption that the reaffirmation agreement imposes an undue hardship on her. Debtor explained that making the payment on her vehicle was top priority and that she would adjust elsewhere in her budget in order to do so, but did not note what specific changes in income or expenses would be made. Debtor has not demonstrated a need for this newer, high-end vehicle or shown that she explored less expensive transportation options. Additionally, Debtor has not shown that she has any equity in the vehicle. In fact, the reaffirmation agreement shows that Debtor currently owes more on the vehicle than its purchase price. For these reasons, Debtor has failed to rebut the presumption that reaffirmation of the debt in question will impose an undue hardship.

## III. CONCLUSION

**WHEREFORE**, approval of the Reaffirmation Agreement between Debtor and Capital One Auto Finance, a division of Capital One, N.A. is **DENIED**.

Ordered:

August 14, 2026

Thad J. Collins
Chief Bankruptcy Judge